IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 13, 2001 Session

## STATE OF TENNESSEE v. CHARLES ARTHUR REEVES

**Direct Appeal from the Criminal Court for Montgomery County**
**No. 31804, 37443     John H. Gasaway III, Judge**

———————————————

**No. M2000-01201-CCA-R3-CD - Filed May 29, 2001**

———————————————

The defendant appealed the trial court's loss of jurisdiction when he was transferred into the custody of the Department of Correction. The issue is now moot. Accordingly, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Michael R. Jones, District Public Defender, and Charles S. Bloodworth, Assistant Public Defender, for the appellant, Charles Arthur Reeves.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Lance A. Baker, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1993, the defendant, Charles Arthur Reeves, pled guilty to one count of possession of a controlled substance with intent to deliver. The defendant was subsequently sentenced to an eight-year sentence in the Tennessee Department of Correction. However, the defendant's sentence was suspended and he was placed on probation for a period of eight years. In 1996, the defendant was arrested and convicted for robbery, for which he received a four and a half year sentence, set to run consecutively with the 1993 sentence. Again, however, the defendant's sentence was suspended and he was placed on eight years of probation.

In April 1999, the defendant's probation was revoked following several probation violations and he was ordered to serve his sentence in the Tennessee Department of Correction. Prior to commencing the service of his sentence, the trial court granted the defendant a rehabilitative furlough. In February 2000, the defendant's furlough was terminated after the defendant failed to

attend a hearing regarding the furlough. The defendant was subsequently arrested and physical custody of the defendant was transferred to the Tennessee Department of Correction. A second hearing had been scheduled to address the defendant's terminated furlough, however, the trial court lost jurisdiction to hear the matter and ruled that the matter was moot.

The only issue raised in this appeal is whether the trial court erred by holding that "it lost jurisdiction over the defendant after he was physically transported to the Tennessee Department of Correction." During oral argument it came to the court's attention that the defendant was to be paroled on the same day as oral arguments in this matter. On April 18, 2001, this court received notice from the defendant's counsel of the defendant's actual release. With such notice the defendant's counsel furnished this court with a copy of the defendant's parole certificate.

Because the defendant in the instant case has been released on parole, the issue before this court is now moot. This appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE